Peter B. Janci, OSB No. 074249
peter@crewjanci.com
Kendall M. H. Spinella, OSB No. 214446
kendall@crewjanci.com
Matan Goodblatt, OSB No. 224060
matan@crewjanci.com
Crew Janci Attorneys
9755 SW Barnes Road, Suite 430
Portland, Oregon 97225
Telephone: (503) 306-0224

Paul Galm, OSB No. 002600
paul@paulgalmlaw.com
Galm Law
50 SW Pine St., #403
Portland, OR 97204
Telephone: (503) 641-6000

*Of Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **T.A.M., J.K.B., E.C.R., J.K.C., A.M.W., R.L.M., N.T.N., A.W., B.W.H., J.D.W.,** and **S.S.L.**, individuals proceeding under pseudonyms, | Case No. 3:25-CV-01668-MC |
| Plaintiffs, | |
| v. | PLAINTIFFS' MOTION TO AMEND COMPLAINT |
| **STATE OF OREGON**, by and through the Oregon Youth Authority; **RICHARD A. HILL; KAREN BRAZEAU; ROBERT JESTER; BOBBY MINK; COLLETTE M. S. PETERS; FARIBORZ PAKSERESHT; JOSEPH A. O'LEARY; GARY LAWHEAD; MIKE CONZONER; DARIN HUMPHREYS; BRIAN J. FLORIP; MICHAEL RIGGAN; ISIDRO THOMPSON; DANIEL BERGER**; | |

PAGE 1 – **PLAINTIFFS' MOTION TO AMEND COMPLAINT**

**MARCIA ADAMS;** and **SUSAN BAUMGARTNER**,

Defendants.

## CERTIFICATION OF LOCAL RULE 7-1 COMPLIANCE

Plaintiffs' undersigned counsel certifies he conferred with counsel for Defendants by video on July 2, 2026, during which Defendants advised they oppose Plaintiff's' Motion to Amend. At the time of conferral, Defendants only objected to the addition of punitive damages.

## RELIEF REQUESTED

Plaintiffs, by and through undersigned counsel, respectfully move the court pursuant to FRCP 15, LR 15-1, and case law related to amendments in the context of FRCP 12(C) motions, for leave to file an amended complaint that includes the following proposed changes:

1. Adding individual supervisory Defendant Philip Cox, removal of Bobby Mink, who is deceased, and removal of the Estate of Edward G. Edwards, which was previously dismissed from the case;

2. Adding specificity to allegations based on facts uncovered during discovery; and

3. Adding a demand for punitive damages.

Pursuant to FRCP 15 and LR 15, a redlined version of the Second Amended Complaint is attached as Exhibit A hereto.

## PROCEDURAL HISTORY

On September 16, 2025, Plaintiffs filed this lawsuit against the State of Oregon, by and through the Oregon Youth Authority ("OYA"), and numerous individual employees working for or contracted with OYA. On January 15, 2026, Plaintiffs filed their First Amended Complaint to add the Estate of Edwards and other individual defendants and clarify Plaintiffs' theories and

PAGE 2 – **PLAINTIFFS' MOTION TO AMEND COMPLAINT**

allegations against the State. The discovery deadline was June 15, 2026. Trial is currently set for November 2, 2026.

## ARGUMENT

Plaintiffs respectfully request leave to amend their complaint. FRCP 15 (a)(2) provides that a trial court shall grant leave to amend freely "when justice so requires." Fed. R. Civ. P. l5(a)(2).[1] The liberality of the rule is supported by well-established precedent in this jurisdiction. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (FRCP 15 represents a "strong policy permitting amendment."); *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (citing *Doe v. United States (In re Doe)*, 58 F.3d 494, 497 (9th Cir. 1995)) (district court abused its discretion in dismissing tort claims with prejudice without leave to amend).

A district court considers five factors when determining whether to grant a plaintiff leave to amend including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of amendment; and (5) whether the plaintiff has previously amended. *See Nunes v. Ashcroft,* 375 F.3d 805*,* 808 (9th Cir. 2004). A denial of leave to amend on grounds of "futility" will only be upheld "if 'it is clear, upon *de novo* review, that the complaint would not be saved by any amendment.'" *Gregg v. Hawaii, Dep't of Pub. Safely,* 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Carvalho v. Equifax Info. Servs. LLC,* 629 F.3d 876, 893 (9th Cir. 2010) (internal quotation omitted)). Here, to the extent this five-factor test applies, application of all five factors supports amendment for the following reasons.

///

---

[1] Additionally, Federal Rule of Civil Procedure 15(a), not ORS 31.725, is the relevant legal standard to decide whether to grant Plaintiffs' leave to amend their complaint to add punitive damages. *See also McLean v. Pine Eagle Sch. Dist.*, No. 61, 194 F. Supp. 3d 1102, 1127, n.12 (D. Or. 2016) ("[Or. Rev. Stat. § 31.725] does not apply in federal court, even in diversity cases.").

PAGE 3 – **PLAINTIFFS' MOTION TO AMEND COMPLAINT**

### A.    No Undue Delay

Plaintiffs have not unduly delayed seeking amendment, having waited until first completing a majority of discovery. As stated above, Plaintiffs are formally moving for leave to amend primarily to (a) add individual supervisory defendant Philip Cox and remove defendants Mink and the Estate of Edward G. Edwards, (b) add factual specificity learned during discovery, and (c) add a demand for punitive damages on behalf of all Plaintiffs against all individual Defendants.

As stated above, Plaintiffs waited to seek to amend their complaint until they had conducted much of the discovery.[2] To date, Plaintiffs have received and reviewed over 20,000 documents from OYA and conducted close to twenty depositions. This discovery reveals decades of youth allegations filed against Dr. Edwards for inappropriate and sexually abusive conduct. *See* Exhibits 1-25, attached to the Declaration of Kendall M. H. Spinella in Support of Plaintiffs' Motion to Amend (hereinafter "Spinella Decl."), filed concurrently herewith under seal.

In conjunction with the discovery process, Plaintiffs' investigators have also interviewed over 40 former OYA employees who worked at the MacLaren Youth Facility ("MacLaren") over the last 25 years, many of whom have signed declarations that reinforce what Plaintiffs have learned during discovery. *See* Exhibits 26-39, attached to the Declaration of Paul Galm in Support of Plaintiffs' Motion to Amend (hereinafter "Galm Decl."). Many of these former employees describe hearing youth complain about Dr. Edwards' inappropriate conduct for years,

---

[2] While a majority of discovery is completed, there are still depositions scheduled for July and early August, and Plaintiffs continue to receive document produced from OYA, having just received an additional 6,000 pages of emails from the State of Oregon on June 29, 2026.

PAGE 4 – **PLAINTIFFS' MOTION TO AMEND COMPLAINT**

and that it was common knowledge among staff—including those in supervisory roles—that Dr. Edwards would conduct testicular and digital rectal exams without gloves. *Id.*

While aware of some of these facts at the time of filing suit, Plaintiffs were not fully aware of the extent of Dr. Edwards' conduct, the extent of knowledge about Dr. Edwards' behavior among individual supervisory defendants, and the extent of Defendants' inaction despite this knowledge. Additionally, Plaintiffs were unaware of Philip Cox's supervisory role until they discovered it through the discovery process. This is why Plaintiffs are only now able to amend the complaint. Plaintiffs did not unduly delay amending their complaint.

### B.    No Bad Faith

Plaintiffs do not seek to amend in bad faith. Plaintiffs' requested amendments seek to add specificity to their allegations, to add supervisor Philip Cox as a defendant, and to add punitive damages—nothing more. Such amendments do not denote bad faith, nor did Defendants suggest otherwise during the parties' conferral. Galm Decl. at ¶ 6; *see also DCD Programs*, 833 F.3d at 187 (delay in naming a defendant was not unjust or evidence of bad faith when plaintiffs were waiting until they developed sufficient evidence of conduct to support the claims). Plaintiffs can imagine no other conceivable "bad faith" grounds that could be asserted.

### C.    Proposed Amendments Are Not Futile

"[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Sage v. Salyers*, No. 3:24-cv-01077, 2025 WL 325744 (D. Or. Jan. 27, 2025), *quoting Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018). *See also Brier v. N. Cal. Bowling Proprietor's Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963) ("An amendment should not be denied as futile if the underlying facts state a claim upon which the court can grant relief."). The standard

PAGE 5 – **PLAINTIFFS' MOTION TO AMEND COMPLAINT**

for futility is the same as that used to determine the sufficiency of a pleading challenged under Federal Rule of Civil Procedure 12(b)(6), meaning the claim must only be plausible on its face. *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Plaintiffs' amendments do not allege any new claims, but rather punitive damages. Plaintiffs only seek to add punitive damages as to their second and third claims for relief—both **§** 1983 civil rights claims—and not as to their state claims. As such, federal common law, and not ORS 31.725, applies. *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625 (1983) ("We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others"). Therefore, when determining if an amendment seeking to assert punitive damages as to a party's **§** 1983 civil rights claims is "futile" under the Ninth Circuit's *Carvalho* test, the operative question is whether the amended complaint alleges facts sufficient to allow a jury to find defendant acted with either evil motive or intent, or reckless or callous indifference to the federally protected rights of others. *Id.*

Turning to Plaintiffs' Second Amended Complaint, the alleged facts sufficiently reflect a reckless or callous indifference to Plaintiffs' federally protected rights such that a jury could conclude punitive damages are appropriate. To start, the Second Amended Complaint depicts a rampant culture of silence at MacLaren for decades. Second Amended Complaint, ¶¶ 38-42. Within this culture, individual Defendants knowingly allowed Dr. Edwards to conduct ungloved testicular and rectal exams without consequence. Second Amended Complaint, ¶¶ 1, 44, 46, 47, 84, 91, 97 and 108. This practice was so well-known at MacLaren, that youth and staff alike referred to him as "Dr. Cold Fingers," and staff threatened kids that they would be sent to "Dr. Cold Fingers" if they misbehaved. Second Amended Complaint, ¶¶ 1, 44(b), 44(s), 46 and 97.

PAGE 6 – **PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Supervisory Defendants were instrumental in allowing Dr. Edwards to continue to abuse boys unabated until his retirement in 2017. For example, Defendant Dr. Marcia Adams ("Adams") was OYA Medical Director starting in 2007 and participated in at least five different investigations concerning Dr. Edwards yet never disciplined or even monitored Dr. Edwards. Second Amended Complaint, ¶¶ 44(m)-(q), 129. When a MacLaren nurse reported Dr. Edwards' inappropriate conduct to the Oregon Medical Board ("OMB"), rather than conduct an internal investigation into the complaints, Defendant Lawhead, MacLaren Superintendent in 2001, sent the OMB investigator an unsolicited letter of support for Dr. Edwards. Second Amended Complaint, ¶¶ 23, 44(e); Exhibit to Spinella Decl. 3. When a MacLaren staffer reported concerns she had about potential sexual abuse by Dr. Edwards based on conversations with youth, Defendant Florip not only failed to report it to the Oregon State Police for investigation per OYA policy, but he did not conduct any internal investigation either. Second Amended Complaint, ¶ 44(f); Exhibit to Spinella Decl. 4.

In total, there were 11 formal written complaints filed against Dr. Edwards between 2001 and 2016, countless verbal complaints from youth and staff, and other red flag events that Supervisory Defendants either ignored or covered up. Second Amended Complaint, ¶¶ 44-47. The allegations sufficiently paint a picture of reckless or callous indifference to the federally protected rights of Plaintiffs. The proposed addition of punitive damages would not be futile under the *Carvalho* test.

### D.      Amendments Would Not Prejudice Opposing Parties

Defendants will not be prejudiced by the requested amendments. None of the amendments assert new claims or novel legal theories that would require additional discovery. The bulk of the amendments aim to add specificity to Plaintiffs' allegations in anticipation of

PAGE 7 – **PLAINTIFFS' MOTION TO AMEND COMPLAINT**

dispositive motions. The trial date is not until November 2, 2026, which allows Defendants sufficient time to prepare and address Plaintiffs' amendments if necessary.

### E. Plaintiffs Have Only Amended The Complaint Once Before.

A factor often considered when reviewing the denial of a motion for leave to amend is whether the plaintiff has previously amended his complaint. *DCD Programs*, 833 F.2d at 186. n. 3 (so stating). That factor favors Plaintiffs here, who previously amended their complaint only once before primarily to add the Estate of Edward G. Edwards, which had not been established at the time the complaint was originally filed in state court.

### CONCLUSION

For all these reasons, the Court should allow Plaintiffs to file the proposed Second Amended Complaint. This Motion is made in good faith and not for the purpose of delay. There has been one previous amendment, and there is no bad faith, undue delay, or prejudice to Defendants. Finally, the amendment would not be "futile."

This Motion is supported by the attached Declaration of Paul Galm, of attorneys for Plaintiffs; Declaration of Kendall M. H. Spinella, of attorneys for Plaintiffs; and the records and files herein.

DATED: July 8, 2026.

**CREW JANCI ATTORNEYS**
 /s/ Peter Janci
_____
Peter Janci, OSB No. 074249
Kendall M. H. Spinella, OSB No. 214446
Matan Goodblatt, OSB No. 224060
CREW JANCI ATTORNEYS
9755 SW Barnes Road, Suite 430
Portland, OR 97225
Tel: 503-306-0224
peter@crewjanci.com
kendall@crewjanci.com
matan@crewjanci.com
*Of Attorneys for Plaintiffs*

PAGE 8 – **PLAINTIFFS' MOTION TO AMEND COMPLAINT**

/s/ Paul C. Galm
Paul C. Galm, OSB No. 002600
GALM LAW
50 SW Pine Street, #403
Portland, OR  97204
Tel: 503-641-6000
paul@paulgalmlaw.com
*Of Attorneys for Plaintiffs*

PAGE 9 – **PLAINTIFFS' MOTION TO AMEND COMPLAINT**